**[Cite as *In re I.K.*, 2017-Ohio-7532.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re I.K.

Court of Appeals No. E-17-017

Trial Court No. 2011 JB 065

**DECISION AND JUDGMENT**

Decided: September 8, 2017

* * * * *

J.B. S.-W., pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a March 30, 2017 judgment of the Erie County Court of Common Pleas, Juvenile Division, dismissing appellant's motion for change in custody as a result of the trial court's January 4, 2017 denial of appellant's accompanying affidavit of indigence. For the reasons set forth below, this court reverses the judgment of the trial court and remands this matter to the trial court for further proceedings consistent with this opinion.

**{¶ 2}** Pro se appellant, the mother of minor child I.K., to whom the underlying custody order pertains, sets forth the following two assignments of error:

The trial court abused its discretion by denying the Appellant's affidavit of indigence for court costs filed on January 6, 2017 pursuant to Loc.R.3 and O.A.C. 120-1-03(3)(B)(1)

The trial court abused its discretion when it dismissed the Appellant's motion for change of custody action filed contemporaneously with the affidavit of indigence on January 6, 2017 under Loc.R.2(c).

**{¶ 3}** The following undisputed facts are relevant to this appeal. The custody order underlying this matter was filed on September 17, 2015. The typical trial court motion filings in cases such as this are often submitted along with an affidavit of indigence for court cost purposes.

**{¶ 4}** On April 22, 2014, appellant filed an affidavit of indigence with the trial court reflecting household income in the amount of $1,500 per month and no monthly car payment. This affidavit was approved by the trial court.

**{¶ 5}** On May 13, 2014, appellant filed an affidavit of indigence with the trial court reflecting household income in the amount of $2,400 per month and no monthly car payment. This affidavit was approved by the trial court.

**{¶ 6}** On January 6, 2017, appellant filed an affidavit of indigence with the trial court reflecting lower household income in the amount of $1,200 per month and higher expenses including a monthly car payment of $388 per month. In addition, this affidavit also reflected appellant receiving government food assistance in the amount of $460 per

2.

month.  This affidavit of indigence, reflecting lower income and higher expenses in comparison with the prior, approved affidavits, was denied by the trial court.

{¶ 7} On January 9, 2017, appellant was notified by the trial court that the affidavit of indigence was denied.  The written notification to appellant of the denial further stated that if appellant failed to pay a filing fee of $65 on or before January 19, 2017, appellant's pending custody motion could be subject to dismissal.

{¶ 8} On March 30, 2017, appellant's pending custody motion was dismissed.  The trial court specifically stated the dismissal was based upon appellant's failure to pay the above-referenced $65 filing fee necessitated by the denial of appellant's January 6, 2017 affidavit of indigence.  This appeal ensued.

{¶ 9} Both of appellant's assignments of error are rooted in the premise that the trial court erred in the denial of the January 9, 2017 affidavit of indigence.  As such, they will be considered simultaneously.

{¶ 10} We note at the outset that the disputed trial court action underlying this case is reviewed by this court pursuant to the abuse of discretion standard of review.  Demonstrating an abuse of discretion requires showing more than a mere error of law or judgment.  The disputed trial court action must be shown to be unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 11} Erie County Loc.R. 2(C) establishes, "The Erie County Clerk of Courts shall accept any pleadings filed without a court cost deposit, if an Affidavit of Indigence for court costs is submitted with the pleadings."

3.

{¶ 12} Erie County Loc.R. 3 establishes, "If there is a conflict between these Rules and the Ohio Rules of Civil Procedure, the Ohio Rule of Civil Procedure shall control."

{¶ 13} Ohio Admin. Code 120-1-03(3)(B)(1) establishes that one is presumed indigent when, "The applicant currently receives poverty based public assistance such as * * * supplemental nutrition [food] assistance program."

{¶ 14} The record reflects that in the course of this case, the trial court approved the prior affidavits of indigence filed by appellant reflecting a higher monthly income, lower monthly expenses, and no receipt of monthly government food assistance benefits in comparison with the subsequent January 6, 2017 affidavit of indigence denied by the trial court.

{¶ 15} The record reflects that as a direct result of the denial of the January 6, 2017 affidavit of indigence, the trial court dismissed appellant's pending custody motion. The dismissal explicitly resulted from appellant's failure to pay a $65 filing fee necessitated by the denial of the January 6, 2017 affidavit of indigence.

{¶ 16} The record reflects that the affidavit of indigence that was denied showed appellant's receipt of monthly government food benefits which rendered appellant presumptively indigent pursuant to Ohio Admin. Code 120-1-03(3)(B)(1).  The presumption of indigence was proper regardless of any potentially conflicting local rules.

{¶ 17} Wherefore, we find that the record shows that the trial court's denial of appellant's January 6, 2017 affidavit of indigence was arbitrary and unreasonable.  As such, the trial court's March 30, 2017 dismissal of appellant's motion for change of

4.

custody, based upon the improper denial of the affidavit of indigence, was likewise improper.

{¶ 18} The March 30, 2017, judgment of the Erie County Court of Common Pleas, Juvenile Division, is hereby reversed.  This matter is hereby remanded to the trial court for further proceedings consistent with this opinion.  Pursuant to App.R. 24, the costs of this matter are hereby waived.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                JUDGE

Thomas J. Osowik, J

               _____
Christine E. Mayle, J.        JUDGE
CONCUR.

               _____
                JUDGE